**Earl R. HUNTER, Appellant,**

v.

**Robert E. McLAUGHLIN et al., Commissioners of the District of Columbia, Appellees.**

**No. 14090.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 13, 1958.

Decided Feb. 27, 1958.

Mr. Everett L. Edmond, Washington, D. C., for appellant.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Andrew G. Conlyn, Asst. Corporation Counsel, were on the brief, for appellees.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a suit against the Commissioners of the District of Columbia praying for a judgment directing them to appoint the plaintiff-appellant to the Metropolitan Police Department, or for other appropriate relief. The case comes to us on appeal from an order of the District Court dismissing the complaint, on motion of the defendants-appellees, on the ground that it failed to state a claim upon which relief could be granted.

The pertinent allegations of the complaint are: that on February 5, 1957, the plaintiff was certified by the Civil Service Commission as an eligible applicant for appointment to the Metropolitan Police Department; that on February 19, 1957, he took a Police Department physical examination which allegedly dis-

closed that he had certain physical conditions or defects; that he has always enjoyed excellent health and has never "suffered from" any of the conditions found; that he had complete physical examinations by his own physicians on April 14, 1956, and again on April 6, 1957, and these examinations negative the physical examination of February 19, 1957; that on February 20, 1957, notwithstanding his excellent physical condition, the defendants arbitrarily and capriciously rejected plaintiff's application for appointment to the Metropolitan Police Department.

■ In addition to the complaint, the District Court had before it, in connection with the motion to dismiss, an affidavit of the plaintiff and an affidavit of a doctor, serving as Chairman of the Board of Police and Fire Surgeons. That Board examined the plaintiff, pursuant to its duty to examine applicants for appointment to the Police Force, to ascertain if he met the physical and mental requirements duly fixed by the Commissioners. Although these affidavits do not agree in all respects, both of them are in agreement that in November 1955, after certification by the Civil Service Commission for appointment, the plaintiff was examined by the Board of Police and Fire Surgeons; that he was rejected by the Board for appointment because of physical defects stated by the Board to exist at that time; that upon his second certification for appointment by the Civil Service Commission in February 1957, he was again examined by the Board on February 19 and was reexamined on February 20, 1957; that again he was rejected as not physically qualified for appointment because of certain physical defects stated by the Board to exist at that time.[1] We think in the circumstances that these undisputed facts,

as shown by the affidavits, may properly be considered by us. Cf. Callaway v. Hamilton National Bank of Washington, 1952, 90 U.S.App.D.C. 228, 230–231, 195 F.2d 556, 558–559.

■ Reading appellant's affidavit with his complaint, and giving them both the interpretation most favorable to appellant, we find no charge that the findings of the official physicians were made capriciously or in bad faith, or that their findings did not purport to state definite physical defects. There is no charge that different standards for determining physical fitness were applied to appellant than to other applicants, or that the standards applied were inherently unreasonable or biased. Nor is there any charge that the Commissioners knew or should have known that the doctors' findings were capricious or false, or that the Commissioners were advised or knew that the plaintiff was without any physical defect sufficient to disqualify him; or that they were ever advised of the physical examinations by other doctors in April 1956 and April 1957, the results of which allegedly negatived the official physical examinations of February 1957. In the circumstances there is no ground on which it could be inferred that the Commissioners acted arbitrarily or capriciously in declining to appoint the appellant upon receipt of the findings of the official physicians. In light of the facts disclosed and the absence of substantiating allegations, the bare allegation that they acted arbitrarily and capriciously is not supported.

We agree that the complaint in this case, as supplemented by the plaintiff's affidavit, is insufficient to state a cause of action on which relief could be granted. We need not pass on other contentions of the parties.

Affirmed.

---

1. These did not fully coincide with those found in 1955. Two of the several 1955 defects were not found in 1957 and one new one, not appearing in 1955, was found in 1957.